UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
DIVISION
CASE NO.:



UNITED STATES OF AMERICA,

00-6142

Plaintiff, CIV - DIMITROULEAS

vs.

MAGISTRATE JUDGE
JOHNSON

MERCEDES N. MARTINEZ
       Defendant.
_____/

COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $2149.59, plus interest on this principal amount computed at the rate of 8.00 percent per annum in the amount of $1954.20, plus interest thereafter on this principal from January 20, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated herein.

4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $4103.79, plus interest at 8.00 percent per annum on the principal amount of $2149.59, from January 20, 2000 to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. §1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this 26 day of January, 2000.

Respectfully submitted,

THOMAS E. SCOTT
United States Attorney

By: _____
Mary F. Dooley
Assistant U.S. Attorney
Florida Bar No. [#]A5500282
99 N.E. 4th Street,
Suite 300
Miami, FL 33132
Tel No. 305-961-9377
Fax No. 305-530-7195

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Name: MERCED N MARTINE
AKA:

Address: 8775 NW 21ST CT

POMPANO BEACH, I
SSN: 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

*Change Name from Merced to Mercedes*

I certify that Department of Education records show that the borrower named a
the United States in the amount stated below plus additional interest from 07/2

On or about 1/19/84, 11/10/84, the borrower executed promissory note(s)
$1,000.00, $1,500.00 from COLUMBIA FEDERAL SAVINGS BANK, W
8.00% percent interest per annum. This loan obligation was guaranteed by
HIGHER EDUCATION SERVICES CORPORATION and then reinsured by the Depa...
Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act
of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 C.F.R. Part 682). The holder demanded payment
according to the terms of the note(s), and credited $350.41 to the outstanding principal owed on the
loan(s). The borrower defaulted on the obligation on 9/8/88, and the holder filed a claim on the
guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,149.59 to the holder. The
guarantor was then reimbursed for that claim payment by the Department under its reinsurance
agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was
unable to collect the full amount due, and on 1/18/93, assigned its rights and title to the loan(s) to
the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all
sources, including Treasury Department offsets, if any. After application of these payments, the
borrower owes the United States the following:

| | |
|---|---|
| Principal: | $ 2,149.59 |
| Interest: | $ 1,868.92 |
| Administrative/Collection Costs: | $ 0.00 |
| Late fees: | $ 0.00 |
| Total Debt as of 07/23/99 : | $ 4,018.51 |

Interest accrues on the principal shown here at the rate of $0.47 per day.

Pursuant to 28 USC §1746(2), I certify under penalty of perjury that the foregoing is true and
correct.

Executed on: 5/11/99   Name: _____
Title: Loan Analyst
Branch: Litigation


GOVERNMENT EXHIBIT A

BEST COPY AVAILABLE
AT TIME OF FILMING

# NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION
## GUARANTEED STUDENT LOAN PROMISSORY NOTE

Cl. #20004905 Date of Disbursal 1-20-84

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
Social Security Number

001 741791 6

Address: 102-27 95th Rd.
City: Richmond Hill, N.Y.  11418

Lender: COLUMBIA FEDERAL SAVINGS BANK
93-27 Jamaica Avenue
Woodhaven, N.Y. 11421

| ANNUAL PERCENTAGE RATE | Amount Financed | Late Charge: If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less. |
|---|---|---|
| The cost of your credit as a yearly rate. | The amount of credit provided to you. | Prepayment: If you pay off early, you will not have to pay a penalty, and you may be entitled to a refund of part of the finance charge. |
| Prior to repayment / During repayment | | See the promissory note for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |
| .750 %    8 % | $ 942.50 | |

Loan Amount $ 1,000.00   Less: Prepaid Finance Charge $ 57.50   Equals: Amount paid to you $ 942.50

I. Upon maturity, in accordance with paragraph II below, I promise to pay to the order of subsequent holder of this promissory note the Loan Amount plus interest on the unpaid principal balance thereof, at the Interest Rate, as these terms are stated above.

II. MATURITY — When this note becomes due and payable.
This note matures and I must either pay it in full or begin making monthly payments in accordance with paragraph III below, upon the happening of any of the following events:
 1) the last day of the last month of the grace period plus grace period extension which I leave school or cease to be enrolled on at least a half-time basis;
 2) immediately, in full, if I fail to enroll in the school for the academic period for which the loan was made (even if I intend to continue my education at a later date or in the same school, or in a different school);
 3) at the option of the lender, or the holder of this note, or NYSHESC if I fail to verify my status as a student when requested;
 4) immediately, in full, if this loan was made or guaranteed in error or in reliance upon a false statement.

III. REPAYMENT
I understand that I am responsible for paying all interest which accrues on or after the date of maturity. This note, whether a demand for payment has been made or not, is NOT A DEMAND INSTRUMENT, AND MY OBLIGATION TO MAKE TIMELY REPAYMENT OF PRINCIPAL AND INTEREST WILL NOT BE FORGIVEN FOR ANY REASON, INCLUDING LENDER OR NYSHESC ERROR, EXCEPT UPON CONSENT OF NYSHESC. I understand that on or about maturity, the lender will forward to me a statement setting forth the total amount of all my Guaranteed Student Loans, the ANNUAL PERCENTAGE RATE, the FINANCE CHARGE, the total of payments and the scheduled amount of each monthly payment. If, upon examination, I have not received such statement, I agree to immediately provide written notification to the lender or subsequent holder of this note stating that my loan has matured. If I wish to repay my loan over a shorter or longer period of time, I will contact the lender. The following rules apply. The loan must be repaid within 15 years of the date of the first disbursement over a repayment period that until at least 5 years, but no more than 10 years from the date of maturity; however, the following exceptions to this rule also apply:

 A. If during the grace period I have agreed with the lender to a repayment period of less than 5 years, I may later choose to have the repayment period extended to 5 years.
 B. The lender may require a repayment period shorter than 5 years, if necessary, to ensure that during each year of the repayment period, if both my spouse and I have Guaranteed Student Loans outstanding, we pay toward principal and interest at least $600 or the unpaid balance, whichever is less, on the total amount of all such loans.
 C. Any period of school attendance or DEFERMENT or FORBEARANCE in this Promissory Note will not be included in determining either the 15-year period or the 5- to 10-year period mentioned above.

IV. DEFERMENT and FORBEARANCE
 1) DEFERMENT — After the repayment period has begun, installments of principal need not be paid during any of the periods listed below. Additionally, if I originally received interest benefits on my loans, I may be entitled to receive benefits during these periods as well. I understand that any entitlement to deferment of loan repayment is based upon my submitting the bank its asking for it, and submission of appropriate proof.

   i) During any period in which I am pursuing a full-time course of study at an approved school, or when I am studying full time under a graduate fellowship program by the U.S. Secretary of Education, or when I am studying full time pursuant to a rehabilitation training program for handicapped individuals approved by the Secretary of Education.
   ii) During any period, not in excess of three years, in which I am a member of the Armed Forces of the United States, or the Commissioned Corps of the U.S. Public Health Service.
   iii) During any period, not in excess of three years, in which I am in service as a volunteer under the Peace Corps Act or the Domestic Volunteer Service Act of 1973.
   iv) During any period, not in excess of three years, in which I am in service, comparable to the service referred to in clause (iii), as a full-time volunteer for an organization which is exempt from taxation under Section 501(c)(3) of the Internal Revenue Code of 1954.
   v) During any period, not in excess of two years, in which I am serving in an internship which is required to begin professional practice.
   vi) During any period, not in excess of three years, during which I am temporarily totally disabled, or during which I am unable to secure employment by reason of the care required by a spouse who is so disabled.
   vii) During a single period, not exceeding twelve months, in which I am seeking but unable to find full-time employment.

 2) FORBEARANCE (hardship cases) — After the repayment period has begun, if upon health or other personal problems affect my ability to make scheduled payments, I may be eligible for FORBEARANCE as provided for in the regulations at the discretion of the lender on the repayment of my loans. FORBEARANCE neither defers nor forgives the payment of interest.

V. DEFAULT — If I fail to make any payment of principal or interest when due under this note, or should I make any assignment of the benefit of creditors, or if any bankruptcy proceeding is commenced by or against me, then the holder of the note or NYSHESC may, at its option, accelerate the maturity of all payments due under this note, in which event the unpaid balance of this note plus accrued interest and other late charges or default charges, become immediately due and payable. In the event that bankruptcy proceedings are commenced by or against me, I agree to notify NYSHESC of such occurrence not later than sixty (60) days of the filing of a petition.

VI. DEFAULT and LATE CHARGES — I agree to pay in the event of default, reasonable attorney's fees of up to 20% of the amount due, plus costs and other charges incurred in collecting any amount not paid when due. If I fail to make a monthly payment within 10 days of its due date, the lender may assess a late charge of five percent (5%) of the late payment, or $3.00, whichever is less.

VII. FURTHER AGREEMENTS AND UNDERSTANDINGS
 1. If I die or become permanently and totally disabled as determined in accordance with applicable regulations, NYSHESC or the United States will pay off the remaining balance of my loan.
 2. I authorize the lending institution to make any check for the loan made under this note payable jointly to me and the school indicated on my application.
 3. Delay on the lender's part (or the holder if the loan is transferred) or NYSHESC to enforce any conditions of this note will not release the borrower from these conditions, nor prevent the lender (or the holder of the loan if transferred) or NYSHESC from enforcing any or all of these conditions in the future.
 4. I understand that I must repay this loan even if I am under eighteen (18) years of age.
 5. If I go into default on this loan, I agree to be sued in a Court of New York.
 6. If the school which I am attending closes during the school period for which I received this loan, I may be eligible for forgiveness of all or part of this loan.
 7. I agree to comply with any and all changes in the statutes and regulations governing the Guaranteed Student Loan Program to the extent such changes are applicable to this note.
 8. The interest of $50 plus a forwarding fee shall be refunded on a pro rata basis from the date of disbursement to the last day of the grace period. A prorata share of the interest and forwarding fee will be refunded if the loan is prepaid within 120 days of disbursement.

VIII. I acknowledge receipt of the proceeds of this loan and a copy hereof containing the disclosure statement required by law, and of a copy of the borrower's Statement of Rights and Responsibilities.

Borrower: _Nicholas N_____     Jan. 19, 1984
By: _____                    Date
Student Loan Repayment Center

HE700

BEST COPY AVAILABLE
AT TIME OF FILMING

# NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION
## GUARANTEED STUDENT LOAN
### PROMISSORY NOTE

HE 700 6/84

B-841022   2216

**SIGN AND RETURN**

Ck #20007929  Date of Disb 11-19-84

C84582731-8
Social Security Number

*SEE O...

201/81795-8   02
NYSHESC Acct Number

Interest Rate

| | |
|---|---|
| MERCEDES  M. MARTINEZ<br>Name of Borrower | COLUMBIA SAVINGS F.A.  062700<br>Name of Lender |
| 102 27 85TH RD<br>Borrower Street Address | 93 22 JAMAICA AVE<br>Lender Street Address |
| RICHMOND HILL  NY  11418<br>City  State  Zip Code | WOODHAVEN NY  11421<br>City  State  Zip Code |

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | Amount Financed<br>The amount of credit provided to you. | Late Charge: If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less.<br><br>Prepayment: If you pay off early, you will not have to pay a penalty, and you may be entitled to a refund of part of the finance charge.<br><br>See the promissory note for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |
|---|---|---|
| Prior to repayment   During repayment<br><br>5.01 %   8 % | $ 1,420.90 | |

If you are not eligible for a full State or Federal interest subsidy during the in-school period of this loan, then such interest must be paid as follows:
☐ quarterly
☐ by means of capitalization when I enter repayment

The Grace Period on this loan is ____6____ months.

In the event of prepayment, the method of calculating any rebate of unearned interest is simple interest.

Itemization of the Amount Financed of $ 1,420.90

Loan Amount $ 1,500    Less: Prepaid Finance Charge  $ 79.10 / Equals: Amount paid to you $ 1,420.90
                        Includes:
                          Insurance Premium   $  4.10
                        Origination fee
                        ( 5 % of Loan Amount)  $ 75.00

**REPAYMENT OF LOANS - MILITARY SERVICE**

Under certain circumstances military personnel may have their loans repaid by the Secretary of Defense, in accordance with Section 902 of the Department of Defense Authorization Act of 1981 (Pt. 96-342, 10 U.S.C. 2141. Note). Questions concerning the program should be addressed to the local service recruiter. The program described is a recruiting program and does not pertain to prior service individuals or those not eligible for enlistment in the Armed Forces.

(BE SURE TO READ THE REVERSE SIDE, THEN SIGN AND DATE BOTH COPIES.)

1. Upon maturity in accordance with paragraph II below, I promise to pay to the lender or subsequent holder of this promissory note the Loan Amount plus interest on the unpaid principal balance thereof, at the interest rate, at these times, as stated above.

II. MATURITY (when this note becomes due) —
   This note matures and I must either pay in full or schedule balance payments in accordance with paragraph III below, upon the happening of any of the following events:
   1) the last day of the last month of the grace period following the date I leave school or cease to be enrolled on at least a half-time basis;
   2) Immediately, in full, if I fail to [illegible] at an eligible institution particular for which the loan was made (even if I intend to continue my education at a later date) in the grace period described above;
   3) at the option of the lender, or the holder of this promissory note, if I fail to supply any documents of payment when requested;
   4) Immediately, in full, if this loan was [illegible] obtained by error or in reliance upon a false statement.

III. REPAYMENT
   I understand that I am responsible for payment [illegible] obligations on or after the date of maturity of this note, whether a demand for payment has been made or not. THIS IS NOT A [illegible] and my OBLIGATION TO BEGIN TIMELY REPAYMENT OF PRINCIPAL AND INTEREST WILL NOT BE FORGIVEN FOR ANY REASON. [illegible] I understand that at or prior to maturity, the lender will forward to me a statement showing [illegible] the total amount of all my Guaranteed Student Loans, the ANNUAL PERCENTAGE RATE, the FINANCE CHARGE, and total of [illegible] amount of each monthly payment. If upon maturity I have not received such statement, I agree to immediately provide [illegible] the lender or subsequent holder of this promissory note that my loan has matured. If I wish to repay my loan over a term of [illegible] years, I will contact the lender. The following rules apply: The loan must be repaid within 15 years of the date of the first [illegible] a repayment period that lasts at least 5 years, but no more than 10 years from the date of maturity; however, the following [illegible] shall apply:
   A. If, during the grace period, I have agreed [illegible] to a repayment period of less than 5 years, I may later choose to have the repayment period extended to 5 years.
   B. The lender may require a repayment period [illegible] necessary, to ensure that during each year of the repayment period I or, if both my spouse and I have [illegible] pay toward principal and interest at least $600 or the unpaid balance, whichever is less, at an agreed [illegible] of payments.
   C. Any period described under DEFERMENT [illegible] U.S. [illegible] Rate will not be included in determining either the 15-year period or the 5- to 10-year period mentioned above.

IV. DEFERMENT and FORBEARANCE
   1) DEFERMENT—After the repayment period [illegible] deferment may not be granted for any of the periods listed below. Additionally, if [illegible] lender requests interest benefits [illegible] Secretary of Education to subsidize interest during these periods as well. I understand that my entitlement to a DEFERMENT documented [illegible] the lender to arrange for upfront submission of appropriate proof.
      a) During any period in which I am [illegible] course of study at an approved school, or when I am studying full-time under a graduate fellowship program approved by [illegible] Secretary of Education, or when I am studying full-time pursuant to a rehabilitation program for disabled individuals approved [illegible] Secretary of Education.
      b) During any period, not to exceed [illegible] I am a member of the Armed Forces of the United States, or the Commissioned Corps of the U.S. Public Health [illegible].
      c) During any period, not to exceed [illegible] I am serving as a volunteer under the Peace Corps Act, or the Domestic Volunteer Service Act of 1973.
      d) During any period, not to exceed [illegible] I am in service, comparable to the services referred to in clause (c), as a full-time volunteer for an organization [illegible] exempt from taxation under Section 501(c)(3) of the Internal Revenue Code of 1954.
      e) During any period, not to exceed [illegible] I am required on account of which is necessary in order to begin professional practice.
      f) During any period, not to exceed [illegible] during which I am temporarily totally disabled, or during which I am unable to secure employment by reason of the care [illegible] of a spouse who is so disabled.
      g) During a single period not to exceed [illegible] during which I am seeking but unable to find full-time employment.
   2) FORBEARANCE (hardship cases)—After the [illegible] has begun, if poor health or other personal problems affect my ability to make scheduled payments, I may be eligible for [illegible] of payment or in the repayment at the discretion of the lender on the repayment of my loan(s). FORBEARANCE another deferment [illegible] payment of interest.

V. DEFAULT—If I fail to make any payment of [illegible] when due under this note, or should I make any assignment for the benefit of creditors, or if any bankruptcy proceedings are [illegible] the lender, then the ENTIRE amount then owing or to become due [illegible] at its option, accelerate the maturity of all payments due hereunder. [illegible] any two consecutive deposits and other late charges or default charges. Should [illegible] that become encompassed by or against me, I specifically agree to [illegible] any of the [illegible].

VI. DEFAULT and LATE CHARGES—Liability for [illegible] the amount due, plus collection and other charges necessary to collect any amount [illegible] due date, the lender may choose a late charge, not to exceed [illegible] this loan.

VII. FURTHER AGREEMENTS AND UNDERSTANDINGS
   1. If I die or become permanently and totally [illegible] by authorities acceptable to NYHESC or the United States will pay off the remaining balance of my loan.
   2. I authorize the lending institution to make [illegible] of the loan made under this note payable jointly to me and the school indicated on my application.
   3. Delay on the lender's part (or the holder [illegible]) or NYHESC, of any, any provisions of this note shall not release the borrower from these conditions nor preclude [illegible] my rights established or NYHESC from enforcing any or all of these conditions in the future.
   4. I understand that I must repay this loan [illegible] any deferment period—[illegible] on.
   5. If I go into default on this loan, I agree to be sued in Albany County, New York.
   6. If the school which I am attending closes during [illegible] period for which I received this loan, I may be eligible for forgiveness of all or part of this loan.
   7. A list of [illegible] and all amounts [illegible] under my Guaranteed Student Loan Program to the extent such [illegible].
   8. The [illegible] without [illegible] disbursement to the last day of the grace period. A prorated [illegible] cancelled within 120 days of disbursement.

VIII. I [illegible] EDUCATION SYSTEMS Corporation [illegible] furnishing the statement of rights required by law, and of a copy of the borrower's Statement of Rights and Responsibilities.

_____      SIGN AND RETURN 11/10/94
Borrower  Student Loan Repayment [illegible]                    Date

HE 700

BEST COPY AVAILABLE AT TIME OF FILMING

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

UNITED STATES of AMERICA

JUDGE DIMITROULEAS

MAGISTRATE JUDGE JOHNSON

**DEFENDANTS**

MERCEDES N. MARTINEZ

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT BROWARD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

B: Broward 0:00CV6142/WPD/LRJ

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
THOMAS E. SCOTT, U.S. ATTORNEY (305) 961-9377
99 NE 4TH STREET, SUITE 300
MIAMI, FL 33132-2111

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B[ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury – Med. Malpractice | B[ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury – Product Liability | B[ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | B[ ] 630 Liquor Laws | A PROPERTY RIGHTS | B[ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | | B[ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | B[ ] 650 Airline Regs | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| B[X] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | B[ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| B[ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | B[ ] 690 Other | | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA 1395ff | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | B[ ] 510 Motions to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| B[ ] 220 Foreclosure | [ ] 442 Employment | HABEAS CORPUS: | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | B[ ] 530 General | [ ] 790 Other Labor Litigation | FEDERAL TAX SUITS | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | A[ ] 535 Death Penalty | | A[ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | B[ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | A[ ] 871 IRS – Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions A OR B |
| [ ] 290 All Other Real Property | | B[ ] 550 Civil Rights | | | |
| | | B[ ] 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

RECOVERY OF FUNDS EXPENDED BY THE PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN. 34 CFR 682.100(4)(d)

LENGTH OF TRIAL
via ____ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
[ ] UNDER F.R.C.P. 23

DEMAND $ 4,103.79
+ interest & costs

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY
JUDGE _____ DOCKET NUMBER _____

DATE 1/26/00

SIGNATURE OF ATTORNEY OF RECORD

MARY F. DOOLEY, AUSA

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____